## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KYLE MCINTOSH,                             )
                                          )
               Plaintiff,             )
                                          )
v.                                        )
                                          )        Case No. 16-2218
UNITED STATES OF AMERICA and              )
MARK WISNER, P.A.                         )
                                          )
             Defendants.           )
_____   )

### MEMORANDUM AND ORDER

Plaintiff Kyle McIntosh brings this case against defendants United States of America and Mark Wisner, pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, alleging that Wisner subjected him to inappropriate sexual comments, improper physical examinations, and solicitation of sexual acts.  Plaintiff claims that the court has supplemental jurisdiction over his state claims against Wisner under 28 U.S.C. § 1367(a).  This matter is before the court on defendant United States's Motion to Dismiss.  (Doc. 9.)  Defendant argues that plaintiff's complaint should be dismissed for lack of subject matter jurisdiction, insufficient service of process, and because it fails to state a claim under Federal Rules of Civil Procedure 12(b)(1), (5), and (6).  Plaintiff cured service and properly served defendant as required by Fed. R. Civ. P. 4(i).  (Docs. 22 and 23.)  For the reasons set forth below, the court denies defendant's motion.

### I.     Factual Background

Plaintiff is a disabled veteran who sought treatment at the Dwight D. Eisenhower VA Medical Center ("VA") located in Leavenworth, Kansas.  Wisner provided medical care for plaintiff.  Wisner was a physician's assistant ("PA") for the VA, but represented himself to plaintiff as a medical doctor.

Plaintiff alleges that Wisner conducted inappropriate physical examinations, made improper sexual comments and solicited sexual acts from him.  He claims that Wisner was negligent when he violated the standard of care by conducting improper and/or unnecessary examinations of plaintiff's genitalia and by failing to wear gloves during these examinations.  Plaintiff claims that Wisner failed to recognize his own impairment and refer plaintiff to another practitioner.  Plaintiff also claims that Wisner was acting within the scope of his employment at the time he committed these acts—making defendant vicariously liable for Wisner's misconduct.

Plaintiff states that in February 2015, Wisner executed a Consent Order for Surrender, which was filed by the Kansas Board of Healing Arts ("KBOHA").  Wisner admitted to using his position as a PA to commit sexual batteries against VA patients.  In another letter, Wisner admitted that he was an impaired practitioner not capable of patient care and that he committed violations under Kan. Stat. Ann. § 65-28a05(a) and other governing Kansas statutes and regulations.

Plaintiff also brings claims of negligent supervision and/or retention against defendant. Plaintiff alleges that defendant—via the VA—violated its duty to exercise reasonable care when it supervised and retained Wisner.  He states that defendant knew or should have known that Wisner was unable to provide competent medical care to plaintiff and that Wisner victimized and was dangerous to other patients.  Plaintiff also alleges that VA supervisors failed to monitor Wisner's clinical activities to ensure that they were within the authorized scope of practice and medically appropriate as required by VHA Directive 1063 and/or the Physician Assistant Licensure Act ("PALA"), Kan. Stat. Ann. § 65-28a01.  Plaintiff claims that the VA had knowledge of Wisner's misconduct, but failed to take appropriate action to correct his misconduct.

## II.    Legal Standards

### A.    Rule 12(b)(1)

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) is appropriate when the court lacks subject matter jurisdiction over a claim.  Plaintiff claims that subject matter jurisdiction exists and has the burden of establishing it.  *Port City Props. v. Union Pac. R.R. Co.*, 518 F.3d 1186, 1189 (10th Cir. 2008).  Because federal courts are courts of limited jurisdiction, there is a strong presumption against federal jurisdiction.  *Sobel v. United States*, 571 F. Supp. 2d 1222, 1226 (D. Kan. 2008).

Motions for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's jurisdictional allegations; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based.  *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).  For a facial challenge, the court accepts the plaintiff's factual allegations regarding jurisdiction as true.  *Id.* at 1002.  But for a factual attack, the court does not presume that the plaintiff's allegations are true.  *Id.* at 1003.  Rather, "[a] court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).  In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion."  *Id.*

### B.    Rule 12(b)(6)

To the extent this court has subject matter jurisdiction, the court must determine whether plaintiff's action is subject to dismissal because it fails to state a claim upon which relief could be granted.  The court grants a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) only when the factual allegations fail to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the factual allegations need not be detailed, the claims must set forth entitlement to relief "through more than labels, conclusions and a formulaic

recitation of the elements of a cause of action." *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008).  The allegations must contain facts sufficient to state a claim that is plausible—not merely conceivable.  *Id.*  "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."  *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  The court construes any reasonable inferences from these facts in favor of the plaintiff.  *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).

## III.   Discussion

Under the FTCA, the United States has waived its sovereign immunity for injuries caused by the "negligent or wrongful act or omission" of a federal government employee while that employee is "acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b).  An action under the FTCA is the exclusive remedy for a plaintiff claiming personal injuries arising out of the negligent conduct of a federal employee, 28 U.S.C. § 2679(b)(1), and federal courts have exclusive jurisdiction over such actions, 28 U.S.C. § 1346(b)(1).

### A.   Medical Negligence Against Wisner

#### 1.   *Scope of Employment*

Defendant characterizes Wisner's conduct as "sexual misconduct."   Applying this characterization, defendant argues that the court lacks jurisdiction because Wisner's conduct was not within the scope of his employment.  Sexual battery and solicitation are not within the duties that a PA is hired to perform, defendant argues, and did not further the VA's business.

Under the FTCA, the United States is liable only for tortious acts committed by employees "acting within the scope of [their] office or employment."  28 U.S.C. § 1346(b)(1).  "Scope of employment" is determined by the law of the place where the accident occurred.  *Fowler v. United States*, 647 F.3d 1232, 1237 (10th Cir. 2011); *see also* 28 U.S.C. § 1346(b)(1).  In Kansas, an employee acts within the scope of his employment when (1) he performs services for which he has been employed, or (2) he does anything reasonably incidental to his employment.  *O'Shea v. Welch*, 350 F.3d 1101, 1103 (10th Cir. 2003) (citing Pattern Instructions Kansas 3d 107.06; *Williams v. Cmty. Drive-In Theater, Inc.*, 520 P.2d 1296, 1301–02 (Kan. 1974)).  The test is not whether the employer expressly authorized or forbid the conduct.  *Id.*  Instead, the court asks whether the employer should have fairly foreseen the conduct from the nature of the employment and the duties relating to it.  *Id.*; *see also Commerce Bank of St. Joseph, N.A. v. State*, 833 P.2d 996, 999 (Kan. 1992).

Plaintiff claims that scope of employment is a factual determination.  Generally, this is correct, but the court may resolve this question as a matter of law when only one reasonable conclusion can be drawn from the evidence.  *See Wayman v. Accor N. Am., Inc.*, 251 P.3d 640, 646 (Kan. Ct. App. 2011) (citing *O'Shea*, 350 F.3d 1101).

a.    <u>Slight Deviation Analysis</u>

Plaintiff claims that Wisner's conduct was within the scope of his employment because it was a "slight deviation" from his duties.  In *O'Shea v. Welch*, the Tenth Circuit reviewed the Kansas jury instruction on scope of employment, and determined that it is compatible with the slight deviation analysis.  *O'Shea*, 350 F.3d at 1106.  "Application of the slight deviation analysis allows for more flexibility and accuracy in the application of the law to each fact scenario.  The Kansas pattern jury instruction[] . . . does not express a bright-line rule but instead illustrates a type of slight deviation rule

which requires a determination of what is reasonably incidental to employment and what conduct should have been fairly foreseen." *Id.*

Under the slight deviation analysis, an employee could pursue dual purpose ventures without the conduct amounting to an entire departure from the scope of employment. *Id.* at 1107. "An employee does not cease to be acting within the course of his employment because of an incidental personal act, or by slight deflections for a personal or private purpose, if his main purpose is still to carry on the business of his employer. Such deviations which do not amount to a turning aside completely from the employer's business, so as to be inconsistent with its pursuit, are often reasonably expected and the employer's assent may be fairly assumed." *Id.*

The court reviews the following factors to determine whether an employee has engaged in a slight or substantial deviation: (1) the employee's intent; (2) the nature, time, and place of the deviation; (3) the time consumed in the deviation; (4) the work for which the employee was hired; (5) the incidental acts reasonably expected by the employer; and (6) the freedom allowed the employee in performing his job responsibilities. *Id.* at 1108 (citing *Felix v. Asai*, 192 Cal. App. 3d 926, 237 Cal. Rptr. 718, 722 (1987)).

### b.   Wisner's Conduct

Plaintiff claims that Wisner committed wrongful acts at virtually every patient encounter, including plaintiff's clinic visits on January 22, March 5, and April 2, 2014. Plaintiff, however, argues that Wisner's tortious conduct was not far removed in time, distance, or purpose from his normal duties—thereby combining his own personal interest with the VA's business interests.

Plaintiff references several of Wisner's admissions to the KBOHA in his complaint. Wisner admitted that he used his position as a PA to commit sexual batteries against his patients. Wisner admitted to exploiting and making inappropriate sexual comments to his patients. Wisner also

admitted that he performed unnecessary testicular and genital examinations and unnecessary contact of his patients for no legitimate medical purpose.

Still, at this stage, plaintiff has presented a plausible negligence claim that is supported by facts consistent with the allegations in the complaint.  Arguably, Wisner was furthering the VA's interests in treating and examining plaintiff, even though it may have been done in excess.  Some of Wisner's duties included performing physical examinations on patients.  There is no dispute that performing improper or excessive examinations without gloves—to the extent that Wisner gained personal satisfaction from these examinations—was a deviation from his duties.  But it is plausible that this deviation was not an entire departure from the scope of Wisner's employment and was within the parameters of the duties he was hired to perform.  At this time, the court cannot resolve this question as a matter of law.  The improper examinations occurred during appointments when plaintiff sought medical treatment. And plaintiff does not allege that the examinations occurred after business hours or outside of the VA's building.

Moreover, full physical examinations (including examination of the VA patients' genitalia and prostates) are not necessarily unexpected.  The failure to wear gloves and/or an excessive number of examinations might be improper, but this conduct in general is not unforeseeable or unexpected of a PA hired to treat VA patents.  Likewise, obtaining personal information from a patient for diagnosis and treatment is expected and often necessary for effective treatment.  While Wisner's conduct may have been unprofessional or forbidden, that is not the test.  *See O'Shea*, 350 F.3d at 1103.

### c.    VA Immunity Statute for Intentional Torts

Defendant argues that 28 U.S.C. § 2680(h) bars plaintiff's claims because the FTCA does not apply to claims arising out of a battery.  The FTCA exempts from the waiver of sovereign immunity "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution,

abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28

U.S.C. § 2680(h).  Under the FTCA's general provisions, the United States remains immune for claims

arising out of these enumerated intentional torts.  *See id.*

Another exception may apply in the instant case, however: the VA Immunity Statute.  This law

allows for a remedy against the United States under the FTCA for damages arising from the provision

of medical services by health care employees of the VA under 38 U.S.C. § 7316(a)(1), (f).  *Ingram v.*

*Faruque*, 728 F.3d 1239, 1245–46 (10th Cir. 2013) (citation omitted) ("'[Section] 2680(h) does not bar

application of the FTCA to [intentional] tort claims arising out of the conduct of VA medical personnel

within the scope of' 38 U.S.C. § 7316(f).").  Defendant argues again that this exception does not apply

because (1) Wisner was not acting within the scope of his employment when he sexually battered

plaintiff; (2) Wisner's unnecessary or improper touching was not related or incidental to plaintiff's

medical treatment; and (3) plaintiff characterized the conduct as sexual assaults and solicitation.

For the reasons previously set forth, defendant's arguments fail at this stage of the litigation.

Plaintiff has presented a plausible claim that the VA Immunity Statute applies.

### B.  Medical Negligence against Defendant

The court resolves questions of liability under the FTCA in accordance with the law of the state

where the alleged tortious activity took place.  *Franklin v. United States*, 992 F.2d 1492, 1495 (10th

Cir. 1993).  Kansas recognizes that negligent hiring, retention, or supervision is a separate and distinct

tort from respondeat superior.  *Miller v. Dillard's Inc.*, 47 F. Supp. 2d 1294, 1299 (D. Kan. 1999)

(citing *Marquis v. State Farm Fire & Cas. Co.*, 961 P.2d 1213, 1223 (Kan. 1998)).  Liability for

negligent hiring, retention, and/or supervision is not predicated on a theory of vicarious liability, but

instead, liability runs directly from the employer to the person injured.  *Beam v. Concord Hosp., Inc.*,

873 F. Supp. 491, 503 (D. Kan. 1994).

 "Negligent supervision includes not only the duty to supervise but also includes the duty to control persons with whom the defendant has a special relationship including the defendant's employees or persons with dangerous propensities." *Marquis*, 961 P.2d at 1223.  To subject an employer to liability on a negligent supervision claim,

> plaintiff must show "some causal relationship between the dangerous propensity or quality of the employee, of which the employer has or should have knowledge, and the injuries suffered by the third person; the employer must, by virtue of knowledge of [its] employee's particular quality or propensity, have reason to believe that an undue risk of harm exists to others as a result of the continued employment of that employee; and the harm which results must be within the risk created by the known propensity . . . ."

*Kan. State Bank & Trust Co. v. Specialized Transp., Servs., Inc.*, 819 P.2d 587, 596 (Kan. 1991) (quoting *Hollinger v. Stormont Hosp. & Training Sch. for Nurses*, 578 P.2d 1121 (Kan. Ct. App. 1978)).

Plaintiff alleges that the VA knew or should have known that Wisner was dangerous and further that he had a propensity to commit inappropriate acts against plaintiff and other VA patients. Wisner was an employee of the VA and the VA was responsible for supervising him.  Defendant, however, argues that the discretionary function exception applies to bar the court's jurisdiction over plaintiff's negligent supervision claim.

### 1.    Law: The Discretionary Function Exception

The discretionary function exception limits the FTCA's waiver of sovereign immunity when the governmental conduct at issue involves an element of judgment or choice.  *See* 28 U.S.C. § 2680(a); *Franklin Sav. Corp. v. United States*, 180 F.3d 1124, 1130 (10th Cir. 1999).  "[T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow."  *Franklin Sav. Corp.*, 180 F.3d at 1130 (quoting *Berkovitz v. United States*, 486 U.S. 531, 536 (1988)).  If the employee has no rightful option

but to adhere to the directive, then sovereign immunity is waived and the court has jurisdiction to consider the case. *Id.*

If a jurisdictional question is intertwined with the merits of the case, the court converts a Rule 12(b)(1) motion to one under Rule 12(b)(6) or Rule 56. *See Franklin Sav. Corp.*, 180 F.3d at 1129–30. Whether the discretionary function exception applies is such a question. *Id.*

To state a claim for relief under Rule 12(b)(6), plaintiff must allege facts that place his FTCA claim facially outside the discretionary function exception. *Id.* at 1130. The court performs a two-pronged analysis in determining whether defendant's conduct falls within the exception. *Id.* First, the court decides whether the governmental conduct "is a matter of choice for the acting employee," because without an element of judgment or choice, conduct cannot be discretionary. *Id.* Second, if the conduct does involve judgment or choice, the court determines "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* Congress's intent in maintaining governmental immunity for discretionary functions was to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Id.* (quoting *Berkovitz* at 536–37).

## 2. *Application: The Discretionary Function Exception*

Plaintiff alleges that VA supervisors failed to monitor Wisner's clinical activities to ensure that they were within his authorized scope of practice and medically appropriate under both VHA Directive 1063 and/or PALA, Kan. Stat. Ann. § 65-28a01. To overcome the discretionary function exception, however, the plaintiff must show that the federal employee's discretion was limited by a federal statute, regulation, or policy. *Sydnes v. United States*, 523 F.3d 1179, 1184 (10th Cir. 2008). The court will not consider PALA.

Plaintiff attached a copy of VHA Directive 1063 to his response and argues that it is the applicable federal policy and guidelines for PAs employed by the VA.  (Doc. 25-1.)  VHA Directive 1063 mandates specific supervisory actions by Wisner's supervising physician.  At a minimum, VHA Directive 1063 required Wisner's supervising physician to be in weekly contact to discuss clinical management issues and review five randomly selected patient encounter notes each quarter.  Plaintiff alleges that this was not done.  At this stage of the litigation, plaintiff has sufficiently placed his claim outside the discretionary function exception.  The court retains jurisdiction over plaintiff's medical negligence claim against defendant for negligent supervision, Count I.

### C.      Statute of Limitations

Plaintiff claims that Wisner committed wrongful acts at virtually every patient encounter, including plaintiff's clinic visits on January 22, March 5, and April 2, 2014.  Plaintiff filed his administrative claim on July 23, 2015.  (Doc. 11, at 18–19.)  While plaintiff's specific 2014 visits are within the FTCA's two-year statute of limitations period, defendant argues that plaintiff's claims occurring before July 23, 2013, are time-barred.

The FTCA provides that a tort claim against the United States "shall be forever barred" unless it is presented to the "appropriate Federal agency within two years after such claim accrues" and then brought to federal court "within six months" after the agency acts on the claim.  28 U.S.C. § 2401(b); *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1629 (2015).  In *Kwai Fun Wong*, the United States Supreme Court resolved a split among the circuits and held that the time limitations contained in § 2401(b) are not jurisdictional.  *Id.* at 1632–33.  "The time limits in the FTCA are just time limits, nothing more."  *Id.* at 1633.  Taking into account *Kwai Fun Wong's* holding, other district courts have determined that the plaintiff's failure to comply with the FTCA's statute of limitations is an affirmative defense, which the defendant has the burden of establishing.  *See, e.g.*, *Saofaigaalii v. United States*,

No. 14-00455 SOM/KSC, 2016 WL 3527095, at *6 (D. Haw. June 23, 2016); *Crowder v. Hansen*, No. 15-CV-3216 (MJD/HB), 2016 WL 4870621, at *7 (D. Minn. July 29, 2016).  Because the issue is being presented on a motion to dismiss under Rules 12(b)(1) and (6), the defense must appear on the face of the complaint.  *See Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993) ("A motion under Rule 12(b)(6) is intended to test the legal adequacy of the complaint, and not to address the merits of any affirmative defenses.  In the limited circumstances where the allegations of the complaint give rise to an affirmative defense, the defense may be raised under Rule 12(b)(6), but only if it clearly appears on the face of the complaint.").

"The general accrual rule for FTCA claims is the "injury-occurrence rule," where the tort claim accrues on the date of injury."  *Bayless v. United States*, 767 F.3d 958, 964 (10th Cir. 2014).  The "discovery rule" is an exception and applies to "'protect plaintiffs who are blamelessly unaware of their claim because the injury has not yet manifested itself or because the facts establishing a causal link between the injury and the medical malpractice are in the control of the tortfeasor or otherwise not evident.'"  *Id.* (quoting *Diaz v. United States*, 165 F.3d 1337, 1339 (11th Cir. 1999)).  In cases applying the discovery rule, the date of accrual is when a reasonably diligent plaintiff knows or should have known of both the existence of and cause of the injury.  *Id.*

Defendant argues that the discovery rule is inapplicable to toll the statute of limitations because plaintiff could not have possibly believed that Wisner's actions were part of normal medical care.  According to defendant, plaintiff reasonably should have known of his injury at the time of the improper examinations and questioning.  Defendant also argues that plaintiff does not indicate what information was provided by the VA alerting him to the injury.

At this stage, the court finds that defendant has not met its burden.  Defendant's claim that plaintiff could not have believed that he was receiving proper medical care is conclusory.  And

defendant fails to show how plaintiff was aware of his emotional injury prior to the VA releasing information that indicated that Wisner's physical examinations were improper.  The court does not find as a matter of law that the discovery rule is inapplicable to save plaintiff's claims from the two-year statute of limitations under § 2401(b).

### IV.    Conclusion

The court denies defendant's motion with respect to Counts I and II.  As an alternative to dismissal, defendant requested a stay of these proceedings.  The magistrate judge has already resolved this request, and it is therefore denied as moot.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Doc. 9) is denied as to Counts I and II.

**IT IS FURTHER ORDERED** that plaintiff has voluntarily abandoned Count III, and that claim is no longer a part of this case.

Dated this <u>15th</u> day of February, 2017, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**